■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v SEARS, ROEBUCK & COMPANY et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to enforce an order of the State Human Rights Appeal Board, dated September 6, 1978, which affirmed a decision and order of the State Division of Human Rights, dated December 1, 1977, which, after a hearing, *inter alia,* found that Sears, Roebuck and Company had discriminated against one of its employees on the basis of sex. Respondents have cross-applied, *inter alia,* to annul the order. Petition granted and cross application dismissed, without costs or disbursements, and respondents are directed to comply with the order. Under the circumstances of this case, in which the determination of jurisdiction and probable cause was made, the notice of hearing issued and served, and the hearing commenced long before the August, 1977 amendment of the time limitations of section 297 of the Executive Law, it is our view that the preamendment limitations must apply, despite the fact that the commissioner's determination was not rendered until after the effective date of the amendment (cf. McKinney's Cons Laws of NY, Book 1, Statutes, § 55, pp 116-118). It is well settled that the preamendment time limitations were directory only (see *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371). Inasmuch as the record does not show that respondents were substantially prejudiced, the failure of the State Division to comply with these directory provisions did not serve to oust that body of its jurisdiction under the Human Rights Law (see *Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd., supra).* Although respondents failed to commence a timely proceeding to review the order of the appeal board (see Executive Law, § 298), we have reviewed the merits of that order in the instant enforcement proceeding (see *Matter of State Div. of*

*Human Rights v Bystricky,* 30 NY2d 322). Upon such review, we find that the order of the appeal board was properly supported by substantial evidence on the record as a whole (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421). Lazer, J. P., Rabin, Gulotta and Shapiro, JJ., concur.